# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CR287 |
| | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION |
| | ) | AND |
| PATRICK L. BOHALL, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on numerous pretrial motions filed by the defendant (Filing Nos. 11, 12, 14, 15, 16, 17, 18, 19, 26, 32, 34, 42, and 47). The defendant, Patrick L. Bohall (Bohall), is charged with fraud and false statements (Count I), in violation of 26 U.S.C. § 7206(1) and (2); and failure to file an individual income tax return for the years 2004, 2005, and 2006 (Counts II-IV), in violation of 26 U.S.C. § 7203. **See** Filing No. 1 - Indictment.

On December 13, 2010, the court held an evidentiary hearing on Bohall's motions.[1] Bohall represented himself after being advised of his right to appointed counsel. Assistant United States Attorney Michael P. Norris represented the United States. During the hearing, the court heard testimony from Internal Revenue Service (IRS) Investigator Beth Thompson (Investigator Thompson) and IRS Revenue Agent Robert A. Mahon (Revenue Agent Mahon). **See** Filing No. 37 - Witness List. The court received into evidence Exhibit 1 - Referral Report of Potential Criminal Fraud Cases. **See** Filing No. 38 - Exhibit List. A transcript (TR.) of the hearing was prepared and filed on December 21, 2010 (Filing No. 43 - Transcript). The parties submitted briefs (Filing Nos. 20, 23, 25, 27, 29, 35, 41, and 46) in support of their respective positions.

Throughout the course of the hearing and at its conclusion on December 13, 2010, The court stated conclusions on the record as to some motions while others were taken under advisement. In accordance with that announcement,

---

[1] Bohall's Motion for Disclosure of All Legal Instructions Given to the Grand Jury (Filing No. 42) was filed after the evidentiary hearing on Bohall's previously filed motions. The government filed a response to the motion and the court will address it in this order.

## MOTIONS TO DISMISS

**Motion to Dismiss (Filing No. 11)**

Bohall asserts the indictment is "missing essential legal elements demanded by the U.S. Congress and the Courts". **See** Filing No. 11 - Motion p. 1. Specifically, Bohall contends the element, "against the peace and government thereof," and the concluding statement, "against the government of the United States," have been omitted from the indictment. He contends that in the absence of this language, the indictment fails to charge any federal offense and a conviction cannot stand." *Id.*

Such a formal introduction or conclusion is not essential to an indictment. Fed. R. Crim. P. 7(c)(1). As early as 1895, the United States Supreme Court held:

> So far as respects the objection that the count does not conclude that the offense charged was contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the United States, it is sufficient to say that such allegation, which is one of a mere conclusion of law, is not of the substance of the charge, and the omission is of a matter of form, which does not tend to the prejudice of the defendant, and is, therefore . . . to be disregarded.

*Frisbie v. United States*, 157 U.S. 160, 168 (1895); **see also** *United States v. Gicinto*, 114 F. Supp. 204, 205 (W.D. Mo. 1953).

Therefore, the court finds Bohall's argument without merit and will recommend the motion be denied.

**Motion to Dismiss (Filing No. 12)**

In a similar motion, Bohall asserts the indictment is missing the "essential legal elements" in that it fails to allege "willfullness as characterized by bad faith or evil motive." **See** Filing No. 12 - Motion, p. 3. Bohall is correct to the extent he insists "willfullness" is a required element of the charges against him. As the court noted at the hearing, each count of the indictment alleges Bohall acted willfully. TR. 76-77; **see also** Filing No. 1 - Indictment. However, his assertion that the indictment must allege he acted with bad faith or evil motive is unsupported.

The United States Supreme Court addressed the issue of "bad faith and evil intent" in *United States v. Pomponio*, 429 U.S. 10, 12 (1976), a case in which the defendants

were charged with falsifying tax returns in violation of 26 U.S.C. § 7206(1). The Court held the required jury finding, that the defendants acted "willfully," did not require "proof of any motive other than an intentional violation of a known legal duty." *Id.* at 12.  Moreover, the Eighth Circuit recently held "[t]he willfulness element 'requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty.'" *United States v. Barker*, 556 F.3d. 682, 687 (8th Cir. 2009) (affirming defendant's conviction on four counts of tax evasion pursuant to 26 U.S.C. § 7201) (**quoting** *Cheek v. United States*, 498 U.S. 192, 201 (1991)).

For the reasons stated, the court finds Bohall's argument without merit and will recommend the motion be denied.[2]

**Motion to Dismiss (Filing No. 14)**

Bohall argues the case against him should be dismissed in its entirety due to "institutional bad faith" on the part of the IRS. Specifically, Bohall alleges the IRS continued the civil investigation after his case was referred to and accepted as a criminal investigation. **See** Filing No. 14 - Motion p. 1.

The government adduced evidence at the hearing, in the form of testimony by Investigator Thompson and Revenue Agent Mahon, refuting Bohall's allegations. Investigator Thompson testified that when Bohall's case was accepted as a criminal investigation the civil investigation was suspended and Revenue Agent Mahon ceased to act independently. TR. 17-18. She further testified Revenue Agent Mahon assisted her with a variety of tasks in the criminal investigation. TR. 18. Revenue Agent Mahon testified, that after referring the case involving Bohall for criminal investigation, he waited for a decision. TR. 45. He further testified that once a case is accepted as a criminal investigation he does nothing further unless the criminal division directs him to do so. TR. 45.

---

[2]The parties may address the issue of whether the jury will be instructed as to the meaning of the "willfullness" element with Chief Judge Bataillon in the course of trial preparation.

The court finds the testimony of the witnesses to be credible. Bohall failed to adduce evidence to support his contention that the IRS continued its civil investigation once the matter was accepted for criminal investigation or otherwise engaged in "institutional bad faith" requiring dismissal of the indictment.[3] As such, the court will recommend the motion be denied.

**Motion to Dismiss (Filing No. 15)**

Bohall alleges various deficiencies with respect to Count I of the indictment. Specifically, Bohall argues "[n]owhere in Count 1 does the indictment have any essential factual elements concerning any aiding or assistance, etc. of any other person" and as such the indictment is "overreaching and overcharging for actions that are not crimes." **See** Filing No. 15 - Motion, p. 1. The court finds Bohall's arguments without merit. The indictment clearly sets forth allegations against Bohall, including that he assisted the Freedom & Privacy Committee in Palmdale, California, with the preparation of an Individual Income Tax Return (Form 1040), signed by Bohall, and which he "he did not believe to be true and correct as to every material matter." **See** Filing No. 1 - Indictment, p. 1. Moreover the indictment includes references to the specific statutes Bohall is charged with violating, thereby giving Bohall proper notice of the charges against him. *Id.* Therefore, the court will recommend the motion be denied.

**Motion to Dismiss (Filing No. 16)**

Bohall argues he did not consent to arraignment proceedings before a magistrate judge and therefore the case against him should be dismissed with prejudice. **See** Filing No. 16 p. 8-9. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and NECrimR 59.1, the undersigned magistrate judge has the authority to conduct arraignments, initial appearances, and impose release conditions. A criminal defendant's consent is

---

[3]In support of his motion, Bohall attached a copy of a September 13, 2010, IRS request for a tax return for the tax period ending March 31, 2009. **See** Filing No. 14 - Exhibit A, p. 4-7. Bohall failed to show a form request for a tax return from a period not included in the indictment constitutes "the improper utilization of civil investigations and actions to further an investigation wholly criminal in nature." **See** Filing No. 14 - Motion, p. 1.

4

unnecessary.  As such, Bohall's contention is without merit and the court will recommend the motion be denied.

**Motion to Dismiss (Filing No. 17)**

Bohall argues "[a]n essential legal and factual element of § 7206(1) and (2) is that there must be a tax liability that is proven by an official tax assessment record" and such a record was not presented to the grand jury.[4]  **See** Filing No. 17 - Motion, p. 1.  He further contends, in the absence of "an official certified tax assessment certificate," the grand jury could not find probable cause to indict him under Count I and the case should be dismissed.  *Id.* at 7.  The government responds, "[a] formal tax assessment is simply not necessary in a criminal prosecution as the United States will demonstrate beyond a reasonable doubt the obligation to file a return (a tax due and owing)," and references the Eighth Circuit Court of Appeal's decision in ***United States v. Gustafson*, 528 F.3d 587 (2008)**.  **See** Filing No. 23 - Response, p. 6-7.

In *Gustafson*, the defendant was charged with income tax evasion in violation of 26 U.S.C. § 7201 and failure to file income tax returns in violation of 26 U.S.C. § 7203.  *Id.* at 589.  The Eighth Circuit held "a defendant may be convicted under § 7201 even when the IRS has not issued an assessment of taxes owing."  *Id.* at 593.

Although Bohall's challenge is directed at Count I of the indictment charging him with fraud and false statements under a different section of the Internal Revenue Code than that charged against the defendant in *Gustafson*, the court finds the *Gustafson* holding to be applicable to the required elements of the indictment.  "Section 7206(1) . . . is violated when one '(w)illfully makes and subscribes any return,' under penalties of perjury, 'which he does not believe to be true and correct as to every material matter.'" ***United States v. Bishop*, 412 U.S. 346, 350 (1973)**.  "An offense under 26 U.S.C. § 7206(2) has three essential elements:  (1) the defendant aided, assisted, procured, counseled, advised or caused the preparation and presentation of a return; (2) the return

---

[4]Bohall also erroneously argues that "an official tax assessment record" was not "used at trial as evidence before the petit jury."  **See** Filing No. 17 - Motion, p. 1.  Clearly, the case is still in the pretrial stage and no evidence has been presented to, or withheld from, a jury.

was fraudulent or false as to a material matter; and (3) the act of the defendant was willful." *United States v. Ali*, 616 F.3d 745, 755 (8th Cir. 2010).

The absence of a tax assessment does not invalidate the indictment. As such the court finds this motion to be without merit and will recommend it be denied. The undersigned magistrate judge will leave the matter of the weight of the government's burden of proving the elements of the charged offenses to the trial court.

**Motion to Dismiss (Filing No. 18)**

Bohall contends the case against him should be dismissed based on a rescission letter he sent to the IRS dated July 6, 2009, in which he admits his misunderstanding of income tax laws and misplaced reliance on tax protest groups. He further states he "has since repented of the misunderstanding of the law and filed past tax returns and will attempt to pay any tax liabilities that are due." Filing No. 18 - Motion, p. 1. The government argues that Bohall's statements of good-faith belief and misunderstanding are defenses to the allegations against him and are not appropriate subjects for a pretrial motion to dismiss.

The court finds Bohall's assertions of good-faith belief and misunderstanding are matters better left for trial, and that evidence of those purported defenses, if relevant, will be weighted at the time of trial. Therefore, the court will recommend the motion be denied without prejudice to its reassertion at trial.

**Motion to Dismiss (Filing No. 32)**

In the final motion to dismiss Bohall argues, due to fatal flaws of the indictment, the court lacks jurisdiction to hear the case against him. Bohall mentions his previously filed motions to dismiss but raises no additional grounds for dismissal. As such, the court finds the motion cumulative and will recommend that it be denied.

## MOTION FOR BILL OF PARTICULARS

Bohall seeks a Bill of Particulars on the following matters:

1. The date when the civil investigation terminated;
2. The date when the criminal investigation began;
3. Any and all IRS civil activities pertaining to Defendant after item 2.
4. Please provide a copy of IRS Form 2797;
5. Please provide a copy of IRS Form 4340 for the tax year 2003;
6. Please provide a copy of IRC Form RACS 006 and incorporated accompanying documents providing name of individual taxpayer, specific assessment of the individual, etc. for tax year 2003;
7. Please provide IRS Forms 1040 and 1040X Income Tax forms for tax years 2001, 2002, 2003, 2004, 2005, 2006, 2007 and 2008 concerning taxpayer Patrick L. Bohall; and
8. Please provide the names and addresses of the other persons that Patrick L. Bohall aided and/or assisted, counseled or advised in the preparation or presentation of an income tax return.

**See** Filing No. 19 - Motion, p. 1-2.

The fundamental purpose of a bill of particulars is to inform the defendant of the nature of the charges against him, to prevent or minimize the element of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite. *United States v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002); **see, e.g.,** *United States v. Wessels*, 12 F.3d 746, 751 (8th Cir. 1993); *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (per curiam); *United States v. Garrett*, 797 F.2d 656, 665 (8th Cir. 1986). The court has broad discretion in granting or denying a bill of particulars. *United States v. Stephenson*, 924 F.2d 753, 762 (8th Cir. 1991), cert. denied sub nom. *United States v. Ebanks*, 502 U.S. 813 (1991). The court, in its discretion, may order the government to provide requested supplementary details where the indictment fails sufficiently to advise the defendant of the charges and to enable him to prepare a defense. *See, e.g., Garrett*, 797 F.2d at 665; *United States v. Hill*, 589 F.2d 1344, 1351-52 (8th Cir. 1979). A bill of particulars, however, is not a proper tool for discovery. *United States v. Shepard*, 462

F.3d 847, 860 (8th Cir. 2006). It is not to be utilized to provide itemized disclosure of the government's evidence at trial. *Wessels*, 12 F.3d at 750; **see also** *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985); *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982) ("Acquisition of evidentiary detail is not the function of the bill of particulars.").

At the hearing, the court determined that the requests numbered 1, 2, 3, and 8 had been disclosed or provided to Bohall. Therefore, those requests are denied as moot.

Bohall's fourth request is for a copy of IRS Form 2797, the "Referral Report of Potential Criminal Fraud Cases." The government argued that the requested item is an internal IRS document. Following an in camera review, the court granted Bohall's request and ordered the government to disclose the form at the conclusion of the hearing. TR. 61.

Bohall's fifth request is for IRS Form 4340 for the 2003 tax year. Investigator Thompson testified she did some research with regard to Form 4340 and found that it was an old form that was used to "record tax assessments and any adjustments to a taxpayer's account." TR. 25. She explained that "Form 4340" is currently a designation that appears on the bottom of a certified transcript,[5] which is obtained approximately 30 days prior to trial. TR. 26. She further testified that she was in possession of transcripts with respect to Bohall's accounts but none with the "Form 4340" designation. The government agreed that certified transcript will be provided to Bohall when it becomes available. TR. 64. The court will order the government to provide the certified transcript to Bohall at that time, which from the testimony appears to be approximately 30 days prior to trial.

Bohall's sixth request is for a copy of Form RACS 006 and accompanying documents for tax year 2003. Investigator Thompson testified she was unable to find such a form. TR. 28-29. Counsel for the government represented to the court that the form had not been seen in the course of the investigation but that if such a form was located it would be provided to Bohall. TR. 65. The court finds Form FACS 006 for tax year 2003 is not currently available, but will order the government to provide the form to Bohall if and when it becomes available.

---

[5]Agent Thompson described a transcript as "an account of everything that happens to a taxpayer's account." TR. 25.

Bohall's seventh request is for his IRS 1040 and 1040X income tax forms for 2001-2008. The government represented that some years' forms were provided to Bohall in discovery and the government would provide any later-filed forms to Bohall. TR. 65-70. The court finds Bohall is entitled to such requests and will order the government to provided the requested forms if they have not already done so.

### MOTION TO COMPEL

On October 22, 2010, Bohall filed Defendant's Motion to Compel Response to Defendant's Request for Bill of Particulars (Filing No. 26). The court has addressed the merits of Bohall's Request for Bill of Particulars; therefore, the motion to compel will be denied as moot.

### MOTION IN LIMINE

Bohall filed a motion in limine (Filing No. 34) seeking to preclude the government from introducing evidence in the form of statements by government's counsel in its briefs or in argument before the court at the evidentiary hearing. The court denied Bohall's motion in limine with respect to the evidentiary hearing and the government called two witnesses to testify with respect to the specific issues raised by Bohall in his motion.

To the extent the motion seeks to preclude the government from introducing evidence at the time of trial, the motion is premature and will be denied for that reason. The denial will be without prejudice so the matter may be reasserted prior to trial and addressed to the trial judge.

### MOTION FOR DISCLOSURE OF GRAND JURY INSTRUCTIONS

On December 17, 2010, Bohall filed a Motion for Disclosure of All Legal Instructions Given to the Grand Jury (Filing No. 42). The motion was filed more that two months after the October 5, 2010, deadline for filing pretrial motions. **See** Filing No. 7 - Progression Order. The government addresses both the timing and the merits of the motion in its brief in resistance. **See** Filing No. 46. The court finds a hearing on the motion is unnecessary

and would only cause needless delay.  While the court recognizes the lateness of the filing, the motion will be addressed on its merits.

Bohall contends "[t]he foregoing motions show that there is no doubt but that the Government improperly placed before the Grand Jury a mass of prejudicial material, and has otherwise prejudiced the grand jury process."  **See** Filing No. 42 - Motion, p. 1.  The court addressed each of Bohall's eight motions to dismiss and found them meritless.  Just as the court found the arguments unconvincing with respect to the motions to dismiss, the court finds those arguments unconvincing with respect to Bohall's motion for disclosure of the grand jury instructions.  In any event, Bohall has failed to demonstrate a particularized need for the disclosure.  **See** *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) (holding a court may authorize disclosure of grand jury materials only if the request falls under one of the three exceptions and shows a particularized need for grand jury materials).  The court will deny the motion.

### MOTION FOR DISCLOSURE OF ALL MINUTES OF THE GRAND JURY

On December 28, 2010, Bohall filed a Motion for Disclosure of All Minutes of the Grand Jury (Filing No. 47).  The motion was filed nearly three months after the October 5, 2010, deadline for filing pretrial motions.  **See** Filing No. 7 - Progression Order.  No response was filed by the government.  The court finds a hearing on the motion is unnecessary and would only cause needless delay.  While the court recognizes the lateness of the filing, and the absence of a response from the government, the motion will be addressed on its merits.

Bohall offers essentially the same arguments in support of the motion for disclosure of the grand jury's minutes as in support of his previous motion for disclosure of instructions given to the grand jury.  Bohall again contends "[t]he foregoing motions show that there is no doubt but that the Government improperly placed before the Grand Jury a mass of prejudicial material, and has otherwise prejudiced the grand jury process."  **See** Filing No. 47 - Motion, p. 1. The court addressed each of Bohall's eight motions to dismiss and found them meritless.  Just as the court found the arguments unconvincing with respect to the motions to dismiss, the court finds those arguments unconvincing with

respect to Bohall's motion for disclosure of the grand jury minutes. In any event, Bohall has failed to demonstrate a particularized need for the disclosure. **See** *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) (holding a court may authorize disclosure of grand jury materials only if the request falls under one of the three exceptions and shows a particularized need for grand jury materials). Bohall argues "a particularized need is present; the need to show that no persons were involved in the allegations of § 7206(2) for the grand jury to find probable cause." **See** Filing No. 47 - Motion, p. 2. However, Bohall's argument was addressed in the court's earlier discussion of one of his motions to dismiss (Filing No. 15). **See supra** p. 4. The court again finds the argument without merit and will deny the motion.

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

Patrick L. Bohall's motions to dismiss (Filing Nos. 11, 12, 14, 15, 16, 17, 18, and 32) be denied.

**IT IS ORDERED:**

1. The defendant's Motion for a Bill of Particulars (Filing No. 19) is granted in part, and denied in part, as discussed above.
2. The defendant's Motion to Compel (Filing No. 26) is denied as moot.
3. The defendant's Motion in Limine (Filing No. 34) is denied as to the hearing on the motions before the undersigned, and otherwise denied without prejudice to its reassertion for the purpose of trial.
4. The defendant's Motion for Disclosure of All Legal Instructions Given to the Grand Jury (Filing No. 42) is denied.
5. The defendant's Motion for Disclosure of All Minutes of the Grand Jury (Filing No. 47) is denied.

**ADMONITION**

Pursuant to NECrimR 59.2 any objection to this Findings and Recommendation and Order shall be filed with the Clerk of the Court within fourteen (14) days after being served

with a copy of this Findings and Recommendation and Order. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 24th day of January, 2011.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.