FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

11 SEP 14  PM 4: 27

OFFICE OF THE CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:10CR287-JFB-TDT |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **PLEA AGREEMENT** |
| PATRICK L. BOHALL, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Deborah R. Gilg, United States Attorney and Michael P. Norris, Assistant United States Attorney, and defendant, Patrick L. Bohall as follows:

## I
## THE PLEA

A.  Defendant agrees to plead guilty to Count I of the Indictment. Count I charges a violation of Title 26, United States Code Section 7206(1).

B.  Although not entering pleas of guilty to Counts II through IV of the indictment charging the failure to file his 2004, 2005 and 2006 federal tax returns, the defendant agrees that each of these counts shall be included as relevant conduct when determining the appropriate Sentencing Guidelines range as though pleas of guilty had been entered. Specifically, the defendant stipulates that the tax loss to the United States is more than $200,000 and less than $400,000 for Guideline purposes. The defendant further stipulates that an order of restitution in the sum of $287,546.00 shall be entered for the 2003, 2004, 2005 and 2006 tax years.

C.  Nothing in this agreement shall limit the I.R.S. in its lawful examination, determination, assessment, or collection of any taxes, penalties, or interest due from the defendant during the time period referenced in the indictment or any other time period.

D.  The United States will dismiss Counts II through IV after sentence has been imposed.

1

## II

## **NATURE OF THE OFFENSE**

A. ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. The defendant made and subscribed a return, statement or other document which was false to a material matter;

2. The return, statement, or other document contained a written declaration that it was made under penalties of perjury;

3. The defendant did not believe the return, statement, or other document to be true and correct as to every material matter; and

4. The defendant falsely subscribed to the return, statement, or other document willfully with the specific intent to violate the law.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully reviewed the facts of this case. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

Defendant is an insurance agent whose business, Legacy Financial Services, is located in South Sioux City, Nebraska. Defendant filed personal federal income tax returns from 1998 through 2000. He first failed to file a federal return in 2002, although he filed a state return.

Defendant was having problems paying his taxes for the years prior to 2003 and in an attempt to protect his assets from being seized by the Internal Revenue Service, he contacted Joseph O. Saladino and others who were promoting means to avoid paying taxes by claiming alleged legal arguments. The advice he received from Joseph O. Saladino and the others resulted in the false entries on his 2003 tax return which eliminated his tax liability.

Defendant intentionally put himself in this position which resulted in subscribing a false 2003 tax return. He was aware of facts that put him on notice that this would be a crime and intentionally failed to investigate further.

Defendant filed a Form 1040 for the 2003 tax year. The return was prepared and signed by Joseph O. Saladino, Freedom and Privacy Committee, Palmdale, California and was subscribed to by the defendant on October 12, 2004. The return lists Gross Income on Schedule

2

C as $489,429 and a $489,429 deduction for total expenses. The defendant claimed $222,441 in other expenses as "Paid compensation to the owner for participating in the business as a manager/worker". The deduction was determined by subtracting actual Schedule C expenses from gross income which resulted in the defendant reporting zero profit on Schedule C. Defendant then reported the $222,441 as other income on page 1 and deducted the same amount on Schedule A-Itemized Deductions as a deduction for "Not-for-profit, Activities". The itemized deduction effectively eliminated the full amount of his taxable income. The net result of his false entries being that the net income from the Schedule C is eliminated and no self employment tax or income tax are calculated relating to his annual business income.

## III

## PENALTIES

A.   Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum 3 years in prison;
2. A maximum $250,000 fine;
3. A mandatory special assessment of $100;
4. A term of supervised release of up to 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release; and
5. Possible ineligibility for certain Federal benefits.

## IV

## COOPERATION

The defendant has expressed a desire to provide substantial assistance to the United States in the investigation and prosecution of others. The defendant has been interviewed by the Government and provided information, however, the United States has made no evaluation whether the cooperation will be "substantial" or whether it will merit any downward departure to reduce defendant's sentence.

A. The defendant shall truthfully answer all questions asked of the defendant by the United States and/or law enforcement agents, and shall truthfully disclose and volunteer all information regarding the defendant's activities and that of others in all criminal matters of which the defendant currently has knowledge, or hereafter acquires knowledge. The defendant shall not withhold any information. The defendant shall neither protect nor harm any person or entity through false information or omission, nor falsely implicate any person or entity. The defendant shall commit no crimes whatsoever. The defendant shall furnish and disclose the location of any requested documents, items or electronically stored information in the defendant's custody, possession or control or of which the defendant has knowledge. The defendant shall accompany agents of the United States and/or agents of state or local law enforcement agencies to any location of their choosing in order to accomplish full disclosure. The defendant agrees to be interviewed by law enforcement officers any time after execution of this agreement. Presence of defense counsel is specifically waived at any such interview. The United States will notify defense counsel, when practical to do so, of any such interview prior to the interview. The defendant shall truthfully testify, if requested, regarding any matters about which the United States may inquire. If the defendant's continuing cooperation requires the approval of the Court, the defendant agrees to actively assist in the acquisition of such approval.

B. Any cooperation provided by the defendant will be considered by the United States under U.S.S.G. § 5K1.1, and/or, separately, under 18 U.S.C. § 3553(e), and/or Rule 35(b) of the Federal Rules of Criminal Procedure (after sentencing), in determining whether a motion should be filed to reduce the defendant's sentence. The United States will not consider filing a motion to reduce the defendant's sentence until the defendant's cooperation has been completed. The defendant will not challenge the decision not to file a motion pursuant to U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e), and/or Rule 35(b) of the Federal Rules of Criminal Procedure (after sentencing) before completion of the defendant's cooperation. If the United States does not file a motion to reduce the defendant's sentence for the defendant's cooperation, the defendant waives the defendant's right to challenge that decision by any means, no matter how entitled, except upon a substantial threshold showing by the defendant that any such decision was based upon an unconstitutional motive related to the defendant's race, religion, gender, or national origin, or upon an appropriate showing of a violation of the defendant's Sixth Amendment Right to Counsel.

      C.      Nothing which the defendant says pursuant to this agreement may be used against the defendant, so long as the defendant abides by all of the terms of this agreement. The United States may, however, make derivative use of and may pursue any investigative leads suggested by any statements made by or other information provided by the defendantS:\PLEAAG~1wpAGREEN~1.WPD.

## V
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## VI
## PARTIES' SENTENCING RECOMMENDATIONS

A    SENTENCING GUIDELINE CALCULATIONS.

Although the parties understand that the Guidelines are advisory and only one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures. Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

      1. The parties agree that the taxes due and owing for purposes of relevant conduct is $287,546.00. For purposes of restitution the loss is $287,546.00.

B.    ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will **not** recommend any adjustment for Acceptance of Responsibility if defendant:

5

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3. Fails to appear in court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the guilty plea, or
6. Refuses to abide by any lawful court order, or
7. Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.

C.  ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553.

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553, and that the government may oppose any such downward adjustments, departures, and sentence reductions not set forth in Section VI, paragraph A above.

D.  CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E.  "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement are true,

6

and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

F.   PARTIES' RECOMMENDATION REGARDING CUSTODY.

The Government will recommend that defendant be sentenced to the low end of the advisory guideline range. Nothing in this agreement prevents the defendant from seeking a sentence outside the applicable guideline range.

## VII

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed. The defendant expressly reserves the right to appeal the sentence imposed in this case.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the defendant at the time the defendant enters the guilty plea contemplated by this plea agreement.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences,

dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VIII

## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## IX

## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy,

8

including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## X
### MODIFICATION OF AGREEMENT MUST BE IN WRITING

This agreement ends all plea discussions. No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## XI
## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant fully understands its meaning and effect.

Date: 9/14/11

Date: 9/9/11

Date: 14 September 2011

UNITED STATES OF AMERICA
DEBORAH R. GILG
United States Attorney

MICHAEL P. NORRIS
Assistant United States Attorney

PATRICK L. BOHALL
Defendant

ROBERT R. SMITH
Counsel for the Defendant

10